UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BLEACHTECH, LLC,**
*on behalf of itself and*
*all others similarly situated*,

                **Plaintiff,**

v.                                    Civil Action No. 3:20-cv-0296

**WASTE MANAGEMENT OF VIRGINIA, INC.,**

**Serve:**  CT Corporation System, Registered Agent
         4701 Cox Road, Suite 285
         Glen Allen, Virginia 23060 - 6808,

                **Defendant.**

## COMPLAINT

COMES NOW Plaintiff, BLEACHTECH, LLC, by counsel on behalf of itself and all others similarly situated, and for its Complaint against Defendant, WASTE MANAGEMENT OF VIRGINIA, INC., alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and punitive damages, for breach of contract, unjust enrichment, and conversion.

2. Defendant provides waste-management services to business and other persons. Those relationships are governed by a written contract that specifies the services provided and the amounts and items Defendant will charge for them.

3. Despite the contract's detail, Defendant systemically and surreptitiously used its billing system to include charges for services that were neither agreed to or readily determinable by customers nor permitted under any customer's contract.

4. Defendant concealed and collected these charges from Plaintiff and a nationwide class of other customers.

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005.

6. Supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

7. At least 100 class members exist. Defendant accomplished its improprieties across the country, and Defendant has thousands (or tens of thousands) of customers nationwide.

8. The amount of money at issue per class member is as much as $400 per month over several months. Defendant is also liable for punitive damages. Accordingly, the total damages suffered by the class will exceed $5,000,000, exclusive of interest and costs.

9. The class is sufficiently diverse from Defendant. At least one class member is not a resident of or domiciled in the same state as Defendant.

10. Venue is proper in this district and division because Plaintiff operates here, and a significant part of the events that gave rise to Plaintiff's claims occurred here. Also, Defendant has advertised its services here and has received substantial revenues and profits from sales of its services directed into the stream of commerce here.

## PARTIES

11. Bleachtech is a limited liability company headquartered in Ohio and operating within this district and division.

12. Waste Management of Virginia, Inc. does business in Virginia and has its principal place of business in Maryland or Texas.

## FACTS

13. In 2011, Plaintiff entered into Commercial Service Agreement Non-Hazardous Wastes with Defendant.

14. The parties' contract permitted Defendant to charge Plaintiff various dollar amounts per haul for waste-removal services for months that Plaintiff required such services.

15. In addition to Plaintiff's per-haul charges, the parties' contract listed other charges that Defendant could charge Plaintiff.

16. An "Inactivity charge" is Defendant's charge to resume waste-removal services where a customer required no waste-hauling services in a preceding month or months.

17. The parties' contract did *not* allow Defendant to charge Plaintiff Inactivity charges.

18. The language and amounts used by Defendant for Inactivity charges do not correspond with or refer to anything described in Defendant's contract with Plaintiff or class members.

19. Defendant knew or had reason to know that Plaintiff and class members would reasonably rely upon its truthful breakdown and inclusion of information and amounts on its monthly invoices, particularly when Defendant's invoices bypass the people with whom Defendant contracted and go directly to customers' accounting and billing departments.

20. Defendant charged Plaintiff a $185 Inactivity charge on the following invoices: December 1, 2016, February 16, 2017, March 16, 2017, May 1, 2017, July 5, 2017, August 16, 2017, October 3, 2017, November 16, 2017, December 18, 2017, and January 16, 2018.

21. Defendant charged Plaintiff a $400 Inactivity charge on the following invoices: February 16, 2018, April 3, 2018, June 4, 2018, August 16, 2018, October 2, 2018, November

16, 2018, January 16, 2019, February 18, 2019, May 2, 2019, May 2, 2019, June 4, 2019, July 2, 2019, August 1, 2019, and September 3, 2019.

22. The parties' contract did not allow Defendant to charge Plaintiff Inactivity charges or other unlisted charges.

## CLASS-ACTION ALLEGATIONS

23. Plaintiff brings this lawsuit as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the following nationwide class:

> All Waste Management customers whom it billed and, within five years of the filing of this complaint, paid an Inactivity charge or any other charge not listed in Waste Management's standardized contract.
>
> Excluded from the class are Waste Management and any entity in which it has a controlling interest, class counsel, class counsel's employees, class counsel's immediate family members, defense counsel, defense counsel's employees, defense counsel's immediate family members, judicial officers who consider or render a decision or ruling in this case, and judicial officers' staff and immediate family members.

24. Plaintiff also brings this lawsuit as a class action under Fed. R. Civ. P. 23(b)(3) on behalf of the following alternative Virginia class:

> All Waste Management's Virginia customers whom it billed and, within five years of the filing of this complaint, paid an Inactivity charge or any other charge not listed in Waste Management's standardized contract.
>
> Excluded from the class are Waste Management and any entity in which it has a controlling interest, class counsel, class counsel's employees, class counsel's immediate family members, defense counsel, defense counsel's employees, defense counsel's immediate family members, judicial officers who consider or render a decision or ruling in this case, and judicial officers' staff and immediate family members.

25. With regard to Plaintiff's alternative Virginia class, Plaintiff alleges subclasses as to Counts Two and Three limited to consumers who paid within two years of the filing of this complaint and a subclass as to Count Four limited to consumers who paid within three years of the filing of this complaint.

26. Plaintiff paid Inactivity charges that the parties' contract does not allow Defendant to charge; therefore, Plaintiff is a class member.

27. All class members are ascertainable from Defendant's computerized records that reflect the entities from which Defendant charged and collected Inactivity charges and other charges.

28. Class members are so numerous that joinder is impracticable. While only Defendant knows the precise number of class members, Defendant "is the largest environmental solutions provider in North America, serving more than 21 million municipal, commercial, and industrial customers in the U.S. and Canada."[1] Defendant is "North America's leading provider of comprehensive waste management services . . . ."[2] Defendant operates in 48 states and Washington D.C., generating over $14.9 billion in total revenues.[3]

---

[1] Waste Management, About Us, http://www.wm.com/about/index.jsp (last visited June 5, 2019).

[2] *Id. See also* Waste Management, Residential, Curbside-Waste Pickup, https://www.wm.com/us/residential/curbside-waste-pickup ("We're the leading provider of comprehensive waste management services in North America, providing services that range from collection and disposal to recycling and renewable energy generation.") (last visited Mar. 31, 2020).

[3] http://investors.wm.com/static-files/3614a9e1-61fb-4b7d-8ca2-428a3c7c95bd (last visited Mar. 1, 2020).

29. Among other questions, the following common legal and factual questions affect all class members. These questions generate common answers and predominate over individual questions affecting class members:

    a. Whether Defendant breached its contracts with class members;

    b. Whether Defendant was permitted to charge class members Inactivity charges and other charges not listed in their standardized contracts;

    c. Whether Defendant's uniform representations, omissions, and conduct regarding these charges were misleading or false;

    d. Whether Plaintiff and class members reasonably relied on Defendant's uniform representations, omissions, and conduct in believing their contracts permitted these charges;

    e. Whether Defendant's uniform behavior toward class members unjustly enriched it and, if so, the proper measurement of restitution;

    f. Whether Defendant's actions constituted an unlawful taking;

    g. Whether Defendant acted with legal malice; and

    h. Whether Defendant owes damages to class members, and, if so, in what amount.

30. Plaintiff's claims are typical of class members' claims, and Plaintiff will fairly and adequately represent class members' interests.

31. Plaintiff's attorneys are experienced and competent in complex class-action litigation and will competently and adequately represent class members' interests. Plaintiff has no conflict with any class member.

32. Class certification is superior to any other method or procedure for fairly and efficiently adjudicating class members' claims because:

  a. Economies for the Court and the parties exist from litigating the common issues on a classwide basis instead of on a repetitive, individual basis;

  b. Each class member's damage claim is too small to make individual litigation an economically viable possibility, for which reason few class members would have an interest in individually controlling the prosecution of separate actions;

  c. Despite the relatively small size of each class member's claim, the aggregate volume of their claims—coupled with the economies of scale inherent in litigating similar claims on a common basis—will enable class counsel to litigate the case on a cost-effective basis; and

  d. Class treatment is required for optimal deterrence and for limiting the reasonable legal expenses incurred by class members.

33. Plaintiff anticipates no unusual difficulties in managing and maintaining this case as a class action.

## COUNT ONE: BREACH OF CONTRACT

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth here.

35. Plaintiff and class members contracted with Defendant for waste-hauling services.

36. Defendant's contracts with Plaintiff and class members are standardized.

37. Plaintiff fully performed and satisfied its obligations under the parties' contract.

38. Defendant's contracts only allow the listed charges and do not allow an Inactivity charge, yet Defendant charged Plaintiff Inactivity charges.

39. Because Defendant charged Plaintiff and class members Inactivity charges and other unlawful amounts, Defendant breached the parties' and class members' contracts.

40. As a direct and proximate result of Defendant's breach of contract, Plaintiff and class members have suffered and continue to suffer damages in an amount to be determined at trial.

## COUNT TWO: CONVERSION

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth here.

42. Defendant's use of nondescript billing invoices to solicit concealed payments from Plaintiff and class members that were not attributable to legitimate items owed and in their contracts was deceptive and unlawful.

43. This constituted a wrongful exercise of dominion and control over the property of Plaintiff and class members depriving them of possession of their property and established the tort of conversion.

44. Plaintiff and class members owned and had the right to retain possession of the money Defendant took through its false invoicing.

45. Defendant engaged in the aforesaid acts willfully and intentionally, which constituted legal malice.

46. As a direct and proximate result of Defendant's conversion, Plaintiff and class members have suffered and continue to suffer damages in an amount to be determined at trial.

47. As a direct and proximate result of Defendant's conversion with legal malice, Plaintiff and class members are entitled to punitive damages each up to $350,000.

## COUNT THREE: FRAUD

48. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth here.

49. Defendant's intentional and knowing false representations of material facts in its nondescript billing invoices, which invoices Defendant intended to encourage payments from

Plaintiff and class members that were not attributable to legitimate items that Plaintiff and class members owed and in their contracts with Defendant, were deceptive and unlawful.

50. Plaintiff and class members reasonably relied on Defendant's misrepresentations that the unlawful charges matched the charges permitted in their contracts.

51. Defendant engaged in the aforesaid acts willfully and intentionally and with the intent to mislead Plaintiff and class members all of which constituted legal malice.

52. Defendant's misrepresentations constituted fraud on Plaintiff and class members.

53. In the alternative to the allegation that Defendant knew its misrepresentations were false, Defendant should have known its misrepresentations were false.

54. Alternatively, Plaintiff alleges that Defendant committed fraud by contracting with Plaintiff when at the time of contracting Defendant had no intention of performing its contractual duties.

55. When Defendant contracted with Plaintiff, Defendant knew it would not stick to the charges promised in its contract; rather, Defendant would charge Plaintiff additional amounts not permitted by its contract, which Defendant intended to do and did.

56. Defendant contracted with Plaintiff knowing Defendant would breach its contract from the start by improperly assessing contractually impermissible charges to Plaintiff's account.

57. As a direct and proximate result of Defendant's fraud, Plaintiff and class members have suffered and continue to suffer actual damages in an amount to be determined at trial.

58. As a direct and proximate result of Defendant's fraud with legal malice, Plaintiff and class members are entitled to punitive damages each up to $350,000.

## COUNT FOUR: UNJUST ENRICHMENT

59. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth here.

60. By Plaintiff and class members paying for charges not covered by or described in the parties' contract, Plaintiff and class members conferred a benefit on Defendant.

61. By accepting these payments, Defendant knew of Plaintiff's conferred benefit.

62. Defendant accepted or retained Plaintiff's conferred benefit under circumstances that rendered it inequitable to do so.

63. As a direct and proximate result of Defendant's unjust enrichment, it owes Plaintiff and class members restitution in an amount to be determined at trial.

WHEREFORE, Plaintiff asks the Court to certify the class or alternative class as pleaded, for judgment against Defendant on an individual and class basis as alleged for actual and punitive damages, for restitution, equitable and injunctive relief, and for attorneys' fees, costs, and other specific or general relief that the Court finds just and appropriate.

**PLAINTIF DEMANDS TRIAL BY JURY**.

Dated: April 22, 2020

Respectfully submitted,

**BLEACHTECH, LLC,**
*on behalf of itself and*
*all others similarly situated*,

By: _____/s/_____
Leonard A. Bennett, VSB# 37523
Craig C. Marchiando, VSB# 89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Daniel R. Karon (*pro hac admission pending*)
Beau D. Hollowell (*pro hac admission pending*)
**KARON LLC**
700 West St. Clair Avenue, Suite 200
Cleveland, OH 44113
Telephone: (216) 622-1851
Email: dkaron@karonllc.com
Email: bhollowell@karonllc.com

*Attorneys for Plaintiff and the class*